# SUPERIOR COURT OF BALTIMORE CITY.

Filed December 1, 1905.

ALLAN CLEAVELAND
VS.
CHARLES H. CARTER ET AL.

*George R. Gaither, Jr., Edgar H. Gans, Lewis Putzel, John C. Rose* and *Wm. M. Kerr* for petitioner.

*Bernard Carter* for respondents.

BAER, J.—

I shall state as briefly as possible the conclusion I have reached. It is conceded that the duties of the Board of Canvassers are ministerial only. In the language of the act they are "to canvass and add up the votes and make abstracts or statements thereof."

The principle question is what papers, under the law, are rightfully before the Board of Canvassers from which they are "to canvass and add up the votes," &c.?

The law points out with particularity the way in which the count of the vote shall be conducted by the judges of election, the clerks "making tally of the same." "When all the ballots have been canvassed in this manner, the election clerks shall compare their tallies together, and ascertain the total number of votes received by each candidate, and when then they agree upon the numbers, one of them shall announce in a loud voice to the judges, the aggregate number of votes received by each candidate." Sec. 66.

Sec. 67 further provides that each of the judges of election in turn shall make a similar proclamation, and in Baltimore City, there shall be sent immediately to the office of Board of Police Commissioners a statement signed by the judges showing the total number of votes in the ballot box, and the number of votes found therein for each candidate.

Sec. 68 directs the judges to make "duplicate statements or returns of the

result of the canvass * * * showing the whole number of votes given for each person, designating the office for which they were given." At the end of such statement "shall be written a certificate that the same is correct in all respects, which certificate and each sheet of paper forming a part of the statement shall be subscribed by the judges and clerks."

Sec. 68 further provides that "each of the statements shall be enclosed in an envelope, which shall be sealed with sealing wax, or other adhesive material, and each of the judges and clerks shall write his name across the fold of the envelope. It is further provided that one of these envelopes shall be directed to the Clerk of the Superior Court and one to the Mayor.

Sec. 68 further provides for the "tallies" kept by the clerks, by directing that they shall be signed by the election clerks and judges of election, and "each shall be enclosed in an envelope securely signed and sealed as aforesaid, one of which shall be addressed to the Board of Supervisors of Election and the other to the Register of Wills."

Other sections of the act provide for the method of delivering the statements and returns, and the tallies. There are thus to go forth from the polling place four sealed envelopes, two containing "the statements or returns," directed and delivered to the Mayor and the Clerk of the Superior Court, respectively, and two containing the "tallies," directed and delivered to the Board of Supervisors of Election and the Register of Wills, respectively. In addition to the four in sealed envelopes there is to go out the statement to be sent to the Board of Police Commissioners, which the law does not require to be sealed.

Up to this point the law has simply provided for the custody of the four sealed envelopes, and it is clear that, in the absence of authority in the act, neither the Mayor nor the Clerk of the Superior Court, neither the Board of Supervisors of Election nor the Register of Wills would have the right to break the seals of the envelopes, respectively delivered to them.

What provisions does the act contain for the breaking of the seals of these four envelopes?

These provisions are specific in regard to the two envelopes containing "the statements or returns" in the possession of the Mayor and Clerk of the Superior Court respectively. Without quoting the language of the act, it will be sufficient to say that these officials are required to keep these sealed envelopes under lock and key, until the Board of Canvassers for the City shall be organized according to law, and are then required to "immediately deliver or transmit to such board of canvassers the said statements or returns in the sealed envelopes."

The Supervisors of Election are made a board of canvassers for the county or city, as the case may be, but they are required to organize as "the Board of Canvassers for Baltimore city," elect a chairman and secretary, and to take an oath to "truly canvass, add up and declare the votes as required by law." It is clear that having done this, they are for this purpose, the Board of Canvassers and not the Supervisors of Election. The Board of Canvassers, having thus organized, the Mayor and the Clerk of the Superior Court "immediately deliver or transmit," to them, "the said statements or returns in the sealed envelopes."

Section 75 now provides that "the *Board of Canvassers* shall open all the original statements and returns delivered or transmitted to them, and shall canvass and add up the votes," &c.

What "statements or returns" have been delivered or transmitted to them as a *Board of Canvassers?* Clearly, only those "statements and returns," which were held by the Mayor and the Clerk of the Superior Court, and which they were "to deliver or transmit" to the Board of Canvassers when the board had organized.

It is contended that the Board of Canvassers, under this section, has the right to open the envelope containing one of the tally sheets, and consider the same, for the reason that this envelope had been "delivered" to the Board of Supervisors of Elections, while the "statements or returns" had been "transmitted" by the Mayor and and Clerk of the Superior Court.

I cannot accept this contention for several reasons:

First. Because, in no place in this Act, are the "tallies" referred to as "statements or returns." The distinc-

tion between them is kept up throughout the Act, and it is only "statements and returns" that the Board of Canvassers are authorized to open.

Second. The *Board of Canvassers* are only authorized to open the statements or returns delivered or transmitted to *them*. The tally was not delivered or transmitted to *them*, but to the Board of Supervisors of Elections, before the Board of Canvassers was organized. It is true that the two boards are composed of the same individuals, but it is equally true that the tally sheet was delivered to them as the Board of Supervisors of Elections, and that, as a Board of Canvassers, they are only authorized to open the statements and returns delivered or transmitted to them as such Board of Canvassers, the law having made specific provision for the delivery or transmission to them, as such Board of Canvassers, after their organization as such, of "the statements and returns" in the possession of the Mayor and the Clerk of the Superior Court.

Third. The act makes no provision whatever, whereby the Board of Canvassers can demand from the Register of Wills the tally sheet delivered to him, or can open the sealed envelope in which it is contained. It is plain that, if the Board of Canvassers are to have before them, in the discharge of their duty to canvass and add up the vote, the tally sheet at all, it is of the highest importance that they should have both of the "tallies."

The act is careful to prevent any tampering with the "statements or returns" by requiring two of them to be made out and delivered to different officials." The two "tallies," kept by the clerks, are also delivered to two different officials. The "statements and returns" and the two "tallies" are thus safe-guarded by the fact that each one of them is in the hands of a different official.

The act expressly provides that the two "statements or returns" shall be delivered or transmitted to the Board of Canvassers immediately upon the organization of the board.

As to the "tally" in the hands of the Register of Wills, it is conceded that the act makes no provision whatever for its delivery or transmission to the Board of Canvassers. As to the other "tally," it only gets before the Board of Canvassers, by reason of the fact that it was delivered to the Board of Supervisors before they were organized as a Board of Canvassers.

If the Board of Supervisors should demand the tally sheets in the hands of the Register of Wills, the Register would properly say that there was no authority for such a demand, and would refuse to comply with it. The canvass would then go on with only one of the tallies before the Board of Canvassers. Such a result is conclusive to show that the act did not intend that the Board of Canvassers should have before them the tallies in the discharge of their duty to canvass and add up the vote.

Having reached this conclusion, the only remaining question is, whether the Board of Canvassers could properly refuse to count the vote of the precinct in question, upon anything appearing upon the face of the "statements or returns" before the board. These correspond in every particular, and contain everything which the act requires that they should contain. It appears from them, however, that there is a discrepancy between the statement made, as to the whole number of votes cast, and the number of votes returned for the candidates. The number given as returned for all the candidates for a particular office being in some instances considerably in excess of the whole number of votes cast, as given.

It is not necessary to decide what would be the effect of such a discrepancy in the determination of the question whether the vote of the precinct should be counted.

All the authorities agree that, if the statement or return contains matter, which the law does not require it to contain, the Board of Canvassers cannot consider such matter in the discharge of their ministerial duties.

It is conceded that the act does not require that the "statements or returns" should contain the total number of votes cast, and the statement of the total number of votes was, therefore, one which the Board of Canvassers had no right to consider. Excluding this statement, the "statements or returns" were in all other respects in compliance with the law, and the vote of the precinct should be counted.

The demurrer to the answer is sustained, and I will sign an order directing the writ of mandamus to issue.